## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PETHINAIDU VELUCHAMY and | ) | Bankruptcy Case No. 11-33413 |
| PARAMESWARI VELUCHAMY, | ) | Chapter 7 |
| | ) | Hon. Eugene R. Wedoff |
| Debtors. | ) | Bankruptcy Judge Presiding |
| | ) | |
| BANK OF AMERICA, N.A., not individually | ) | |
| but derivatively on behalf of | ) | |
| THE ESTATE OF PETHINAIDU and | ) | |
| PARAMESWARI VELUCHAMY, | ) | |
| | ) | |
| | ) | Adversary Case No. 12-AP-01715 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARUN VELUCHAMY, ANU VELUCHAMY, | ) | |
| SONIA VELUCHAMY, OAKBROOK | ) | |
| FINANCIAL, INC., VELUCHAMY 2009 | ) | |
| DYNASTY TRUST, VASUDEVAKI NAIDU, | ) | |
| JAGANATH NAIDU, RAJIV | ) | |
| PARTHASARATHY, ARJUN | ) | |
| PARTHASARATHY, PETHINAIDU | ) | |
| VELUCHAMY, and PARAMESWARI | ) | |
| VELUCHAMY, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF JOINT
### MOTION IN LIMINE TO EXCLUDE PORTIONS OF THE REPORT AND
### TESTIMONY OF GARY KLEINRICHERT

Arun Veluchamy ("Arun") and Anu Veluchamy ("Anu"), through their undersigned

counsel, hereby submit this Memorandum In Support of Joint Motion In Limine to Exclude

Portions of the Report and Testimony of Gary Kleinrichert.

## I.   INTRODUCTION

On May 15, 2013, Plaintiff submitted the extraordinarily voluminous "Report of Gary Kleinrichert" ("Report").[1]   In his Report, Kleinrichert purports to summarize and organize various transfers made by Mr. and Mrs. Veluchamy to their children, Arun and Anu, as well as to other family members, and also to summarize numerous transactions involving businesses in which Mr. and Mrs. Veluchamy hold or held an interest. Defendant concedes that such testimony (subject to specific objections) may be considered useful by the Court.  However, Kleinrichert does not stop there.  In his Report, Kleinrichert attempts to usurp the ultimate role of the Court as fact-finder, reaching legal conclusions such as that the documents and parties' testimony in depositions "bear traits…consistent with the indicators of fraudulent intent as identified by the Uniform Fraudulent Transfer Act" (Report at 2-3), and drawing literally hundreds of negative inferences from assertions of Fifth Amendment protections.   Kleinrichert also purports to provide opinions on Indian corporate law that go beyond the scope of his expertise or training.

To the extent the Report or Kleinrichert's testimony (1) purport to reach the ultimate factual and legal conclusions that the fact-finder is required to make, or relies on negative inferences (which also are a matter within the fact-finder's purview), or (2) purport to provide opinions on Indian corporate law, the Report and any testimony relating thereto should be excluded and not considered by the Court.

---

[1] The Report is 598 pages with almost 2700 footnotes--the Table of Contents alone is over 30 pages.

LEGAL26893666.2

## II.    ARGUMENT

### A.    Standards for Admissibility of Expert Opinions[2]

In order for an expert's testimony to be admissible, it must have a "reliable basis in the knowledge and experience of [the relevant] discipline." *Amari Co., Inc. v. Burgess,* no. 07 C 01425, 2012 WL 5389787, at *5 (N.D. Ill. Nov. 2, 2012) (quoting *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 149 (1993)). Further, "[i]t is not true that anyone with 'expertise' may testify as an expert; "expertise" is a necessary but not a sufficient condition of admissibility under Rule 702." *Id.* (citations omitted). Once the court determines that the proposed testimony is an appropriate subject for expert testimony, the court must then evaluate whether the testimony is reliable. "When it comes to reliability, the focus is on the expert's qualifications in his or her field and the soundness of the methodology. The court considers a proposed expert's 'full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given area.'" *Amari,* 2012 WL 5389787, at *6 (quoting *Smith v. Ford Motor Co.,* 215 F.3d 713, 718 (7th Cir. 2000)).

An "expert" witness can only testify about matters which are within the scope of his or her expertise. "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir.1990). "Experts are limited in their testimony, therefore, to those topics within their area of expertise." *U.S. Gypsum Co., LaFarge N. Am., Inc.,* 670 F. Supp. 2d 737, 745 (N.D. Ill. 2009); *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 724 (7th Cir. 1999). Where the only connection between an expert's expertise and the specific case is the expert's "say-so," and the testimony is

---

[2] Where the court is the trier of fact rather than a jury, the court has greater latitude in determining the admissibility of expert testimony under FRE 702. *Client Funding Solutions Corp. v. Crim,*10 C482, 2013 WL 1883266, at *8 (N.D. Ill. May 6, 2013). Even under the more liberal standard, portions of Kleinrichert's Report and testimony should be disregarded by the court as set forth herein.

beyond the scope of his expertise, such testimony is insufficient under *Daubert*. *See also,*

*Willis v. Sears Holdings Mgmt. Corp.,* No. 10 C 5926, 2012 WL 3915333, at *8 (N.D. Ill.

Sept. 7, 2012).

Further, it is axiomatic that "expert testimony as to legal conclusions that will determine

the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of*

*Momence,* 323 F.3d 557, 564 (7th Cir. 2003); *Willis,* 2012 WL 3915333, at *9. Another factor in

determining the appropriateness of expert testimony is whether the expert will be "helpful" and

will "assist the trier of fact." *Amari,* 2012 WL 5389787, at *6; *Client Funding Solutions, Corp.*

*v. CRIM,* No. 10-482, 2013 1883266, at *7 (N.D. Ill. May 6, 2013).

### B.    Kleinrichert's Legal Conclusions Should Be Excluded

In numerous instances, Kleinrichert draws legal conclusions whether certain conduct

constitutes fraud. *See e.g.* Report at ¶¶12-35. (Attached hereto as Exhibit A are representative

excerpts of the Kleinrichert Report wherein such legal conclusions are drawn.). In some

instances, Kleinrichert couches these conclusions as "red flags," while in other instances,

Kleinrichert specifically draws legal conclusions. *See e.g.* Report at ¶¶246-49, 251-52, 895-96.

(These excerpts are attached hereto as Exhibit B). In both situations, interpreting the facts to

draw conclusions regarding the legal consequences of certain conduct invades the province of

the court and is not an appropriate role for an expert. Expert testimony "about legal issues that

will determine the outcome of the case, such as whether [the defendant] committed fraud" is

objectionable and inadmissible. *Amari,* 2012 WL 5389787, at * 8. An expert cannot testify that

Plaintiff was "defrauded or…offer any other legal conclusion." *Id.* Thus, such conclusions in

the Kleinrichert Report or in his testimony must be excluded and/or disregarded.

### C.    Kleinrichert Cannot Rely on Adverse Inferences from Assertions of the Fifth Amendment Privilege

The Kleinrichert Report refers to Anu and Arun's assertions of the Fifth Amendment privilege more than 175 times.  (Attached as Exhibit C is a printout of the search results).  In virtually all instances, it is clear from the context that Kleinrichert is drawing an adverse inference from each invocation of the Fifth Amendment privilege, and relying on that inference in reaching his opinion.  The following are representative examples of Kleinrichert's inferences:[3]

- When asked about his previous testimony regarding transferring funds to Appu Hotels because of a capital call, if there was not a capital call in November 2010 but in fact an equity offering, if he paid the funds to Appu Hotels because he and his sister purchased more shares, and if his parents sent him money so he could get more shares in that equity offering, Arun asserted his Fifth Amendment rights. See deposition of Arun Veluchamy dated March 27, 2013, pp. 204-211. (Kleinrichert Rep. at 117, n. 401).

- When asked how many shares of Appu Hotels she owned, Anu asserted her Fifth Amendment rights. See deposition of Anu Veluchamy dated February 26, 2013, pp. 180-183. (Kleinrichert Rep. at 117 n. 401).

- When asked to admit that the transfers of interests in Unique Mailing Services to her and her brother were made for the purpose of hindering and defrauding her parents' creditors in her February 26, 2013 deposition, Anu asserted her Fifth Amendment rights. (Kleinrichert Rep. at p. 160-61).

- Anu also asserted her Fifth Amendment rights when asked to admit that her father did not receive fair value for these transfers. (Kleinrichert Rep. at 160-61).

- When asked to admit that the transfers of interests in Unique Mailing Services to him and his sister were made with a purpose of hindering and defrauding his parents' creditors in his March 27, 2013 deposition, Arun asserted his Fifth Amendment rights.  (Kleinrichert Rep.at 160-61).

(These representative excerpts are attached hereto as Exhibit D).

As the Seventh Circuit has repeatedly held, "the negative inference against a witness who invokes the Fifth Amendment in a civil case is permissive, not required." *Evans v. City of Chicago,* 513 F.3d 735, 741 (7th Cir. 2008) (citing *Daniels v. Pipefitters' Ass'n Local Union No.*

---

[3] Many of the questions that Plaintiff's counsel asked at the depositions were improper and objectionable and, thus, it would be inappropriate to draw an adverse inference in response to an improper question.

*597,* 983 F.2d 800, 802 (7th Cir. 1993)).  Further, a party cannot rely solely on the adverse

inference associated with the invocation of the Fifth Amendment right, but must have actual,

independent, material evidence that the elements of the party's case can be met.  *Sebastian v.*

*City of Chicago,* 05 C 2077, 2008 WL 2875255, at *34 (N.D. Ill. July 24, 2008) (noting that

movant on summary judgment must rely on more than the Fifth Amendment invocation);

*LaSalle Bank Lakeview v. Seguban,* 54 F.3d 387, 391 (7th Cir. 1995) (Fifth Amendment adverse

inference is not enough, plaintiff must have "evidentiary support" at trial).

To the extent that Kleinrichert's Report and/or his testimony purport to draw an adverse

inference from the assertion of Fifth Amendment protection, his Report and testimony should be

disregarded as that is a determination for the Court to make, not an expert witness.

### D.      Kleinrichert's Analysis of Principles of Indian Law and Interpretation of Documents from India Should be Excluded

For well over one hundred pages in the Report, Kleinrichert provides an "overview" of

the Indian Ministry of Corporate Affairs ("MCA"), the Companies Act of 1956 and essentially

claims to provide a tutorial on the various forms that can be filed with the MCA, the legal

requirements of the forms, and the purpose and significance of the filings with the MCA that are

available on the MCA website.  (A portion of this section for representative purposes is attached

hereto as Exhibit E). None of this part of the Report or Kleinrichert's testimony on these issues is

admissible.  Put simply, it is beyond dispute that Kleinrichert is not qualified to rely on or render

an opinion on his own interpretation of Indian law, legal requirements, corporate formalities and

custom and practice in India of privately held companies.  "[A] court should consider a proposed

expert's full range of practical experience as well as academic or technical training when

determining whether that expert is qualified to render an opinion in a given area."  *CDX*

*Liquidating Trust v Venrock Ass.,* 411 B.R. 571, 579 (N.D. Ill. 2009).  The court must "ensure

that it is dealing with an expert, not just a hired gun."  *Willis,* 2012 WL 3915333, at *8; *Wells v.*

*City of Chicago,* No. 09 C 1198, 2012 WL 116040, at *12 (Jan. 16, 2012) (the "opinion offered

must be an expert opinion, not just an opinion offered by a supposed expert").

There is nothing in Kleinrichert's CV (Report at Appendix A, attached hereto as

Exhibit F) which indicates that he is in any way qualified to opine on principles of Indian

corporate law, the custom and practice in the conduct of business affairs in India, or the

interpretation of purported corporate filings available online.  Kleinrichert is a Certified Public

Accountant in the United States—none of the cases he has been involved in, the speeches,

seminars or publications he has authored, or his educational background, reflect any experience

or knowledge that would qualify him to provide any analysis or interpretation of the MCA, the

Companies Act or any other aspect of doing business in India.  It is abundantly clear that there is

no basis for him to provide an opinion in these areas.  An expert cannot testify on matters beyond

his expertise.  *U.S. Gypsum Co.,* 670 F. Supp. 2d at 745.  Nonetheless, Kleinrichert makes many

assumptions and reaches numerous conclusions on the basis of what his "interpretation" of the

Indian MCA and Companies Act provides and "requires."   Kleinrichert has no foundation,

experience or expertise on Indian law or business affairs or on any other relevant factor that

impacts an interpretation of the different forms and their legal significance.[4]

Further, a key consideration and one of the fundamental principles at the foundation for

expert testimony under Fed. R. Evid. 702 is whether the expert will be "helpful" and will "assist

the trier of fact."  *Amari,* 2012 WL 5389787, at * 6; *Client Funding Solutions, Corp.* 1883266, at

*7.  Rule 702(a) provides:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if:

---

[4] In many instances, Kleinrichert comments on the alleged lack of consideration for certain transactions in India.
*(See e.g.* Ex. D at ¶¶527-28, 551, 564, 577, 587, 594).  Yet, he does not and cannot establish whether consideration
is required under Indian law.  Thus, the lack of consideration may have no legal significance.  This is just one
illustration of the reason that Kleinrichert's opinions and interpretations of transactions in India must be disregarded.

> (a) the expert's scientific, technical, or other specialized knowledge **will help the trier of fact to understand the evidence or to determine a fact in issue**;

(emphasis added).

For any expert testimony, "the ultimate test is whether the testimony would assist the trier of fact in understanding the evidence." *Wells,* 2012 WL 116040, at *10. With respect to the interpretation of Indian legal requirements and the significance of MCA filings, Kleinrichert is not remotely qualified to provide any testimony in that regard. Kleinrichert cannot offer any "specialized knowledge" on those issues as required by Rule 702 the goal of which is to "help the trier of fact to understand the evidence." Any testimony by Kleinrichert relating to these issues is not properly admissible and should be disregarded as he has no expertise in this area that can assist the trier of fact.

Kleinrichert's analysis and conclusions based on what is available on the MCA website and his understanding of the significance of those documents should be rejected. Kleinrichert's improper and inadmissible conclusions and opinions on matters of Indian law and corporate requirements are so egregious, that the fact that he is willing to go so far outside any legitimate expertise, casts doubt on many of his other opinions and conclusions. It is clear that with respect to at least this area of his Report, he is nothing more than a "hired gun."

## III.    CONCLUSION

As set forth herein, in several respects, Kleinrichert exceeds the scope of what an expert can testify to and improperly draws legal conclusions from his review of the information provided to him by Plaintiff. Additionally, Kleinrichert is clearly not qualified to testify about Indian law, corporate transactions in India or the interpretation of documents under Indian law. Thus, to the extent that Kleinrichert's Report and his testimony exceed the bounds of permissible expert testimony, they should be excluded and disregarded by the court.

LEGAL26893666.2

Dated:  June 4, 2013                                 Respectfully submitted,


By:  _/s/ *Daniel A. Zazove*_____
        One of His Attorneys

Daniel A. Zazove, ARDC No. 3104117
Debra R. Bernard, ARDC No. 6191217
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
Telephone:  (312) 324-8400
dzazaove@perkinscoie.com
dbernard@perkinscoie.com

*Attorneys for Arun Veluchamy*


_/s/ *Vincent E. Lazar*_____
Vincent E. Lazar (ARDC # 6204916)
Sally K. Sears Coder (ARDC #6270589)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel (312) 923-2989
Fax (312) 840-7389
VLazar@jenner.com
ssearscoder@jenner.com

*Attorneys for Anu Veluchamy*

## CERTIFICATE OF SERVICE — CASE NO. 12-AP-1715

I, Debra Bernard, hereby certify that on the 4th day of June, 2013, I caused a true and correct copy of the foregoing Memorandum In Support of Joint Motion in Limine to be served via the Court's ECF on the parties listed below:

| | |
|---|---|
| Abraham Brustein<br>Derek D. Samz<br>Julia Jensen Smolka<br>DiMonte & Lizak, LLC<br>216 W. Higgins<br>Park Ridge, IL 60068<br>Telephone: 847-698-9600<br>abrustein@dimontelaw.com<br>jjensen@dimontelaw.com<br>dsamz@dimontelaw.com<br>*Attorneys for Pethinaidu and Parameswari Veluchamy* | Andrew A. Jacobson<br>Udell, Pomerantz & Delrahim, LTD<br>1332 North Halsted, Suite 100<br>Chicago, IL 60642<br>Telephone: (312) 475-9900<br>ajacobson@bupdlaw.com<br>*Attorney for Jaganath and Vasudevaki Naidu* |
| Thomas S. Kiriakos<br>Beverley J. Klein<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606-4637<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br>tkiriakos@mayerbrown.com<br>bklein@mayerbrown.com<br>*Attorneys for Bank of America, N.A.<br>not individually but derivatively on behalf of the Estate of Pethinaidu and Parameswari Veluchamy* | Vincent E. Lazar<br>Sally Sears Coder<br>Precious S. Jacobs<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>Telephone: (312) 222-9350<br>vlazar@jenner.com<br>ssearscoder@jenner.com<br>pjacobs@jenner.com<br>*Attorneys for Anu Veluchamy, Sonia Veluchamy and Oakbrook Financial, Inc.* |
| William J. Factor<br>Sara E. Lorber<br>David P. Holtkamp<br>Jeffrey K. Paulsen<br>The Law Office of William J. Factor<br>105 W. Madison St.<br>Suite 400<br>Chicago, IL 60602<br>(847) 239-7248<br>wfactor@wfactorlaw.com<br>slorber@wfactorlaw.com<br>dholtkamp@wfactorlaw.com<br>jpaulsen@wfactorlaw.com<br>*Attorneys for Rajiv Parthasarathy* | Ryan Preston Dahl<br>David L. Eaton<br>Joseph M. Graham<br>Michael W. Weitz<br>Kirkland & Ellis LLP<br>300 N. LaSalle St.<br>Chicago, IL 60654<br>(312) 862-2000<br>ryan.dahl@kirkland.com<br>david.eaton@kirkland.com<br>joe.graham@kirkland.com<br>michael.weitz@kirkland.com<br>*Attorneys for Fred C. Caruso, Ch. 11 Trustee* |

_____
/s/ Debra R. Bernard