# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>PETHINAIDU VELUCHAMY and<br>PARAMESWARI VELUCHAMY,<br><br>                   Debtors. | Bankruptcy Case No. 11-33413<br>Chapter 7<br><br>Hon. Eugene R. Wedoff |
| BANK OF AMERICA, N.A., not<br>individually but derivatively on behalf of<br>THE ESTATE OF PETHINAIDU and<br>PARAMESWARI VELUCHAMY,<br><br>                   Plaintiff,<br>V.<br><br>ARUN VELUCHAMY, ANU VELUCHAMY,<br>SONIA VELUCHAMY, OAKBROOK<br>FINANCIAL, INC., VELUCHAMY 2009<br>DYNASTY TRUST, VASUDEVAKI NAIDU,<br>JAGANATH NAIDU, RAJIV<br>PARTHASARATHY, ARJUN<br>PARTHASARATHY,<br>PETHINAIDU VELUCHAMY, and<br>PARAMESWARI VELUCHAMY,<br><br>                   Defendants. | Adversary Case No. 12-AP-01715 |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT**, on **Monday, June 10, 2013** at **8:30 a.m.**, or as soon thereafter as counsel may be heard we shall appear before the Honorable Eugene R. Wedoff, in Room 744, the courtroom usually occupied by him, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, and shall present the **ESTATE REPRESENTATIVE'S MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORTS OF R. PRADEEP AND STOUT RISIUS ROSS AND RESPONSE TO ANU VELUCHAMY'S MOTION TO AUTHORIZE EXPERT TO TESTIFY BY VIDEOCONFERENCE**, a copy of which is attached hereto and is hereby served upon you.

Dated: June 6, 2013 Respectfully submitted,

                                                           BANK OF AMERICA, N.A., *not individually but derivatively on behalf of the Estate of Pethinaidu and Parameswari Veluchamy*

                                                           By: /s/Thomas S. Kiriakos
                                                                 One of its Attorneys

Howard J. Roin
Thomas S. Kiriakos
Beverley J. Klein
Joshua M. Grenard
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

*Counsel to Bank of America, N.A.,
not individually but derivatively on behalf of the
Estate of Pethinaidu and Parameswari Veluchamy*

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>PETHINAIDU VELUCHAMY and<br>PARAMESWARI VELUCHAMY,<br><br>                Debtors. | Bankruptcy Case No. 11-33413<br>Chapter 7<br><br>Hon. Eugene R. Wedoff |
| BANK OF AMERICA, N.A., not<br>individually but derivatively on behalf of<br>THE ESTATE OF PETHINAIDU and<br>PARAMESWARI VELUCHAMY,<br><br>                Plaintiff,<br>      V.<br><br>ARUN VELUCHAMY, ANU VELUCHAMY,<br>SONIA VELUCHAMY, OAKBROOK<br>FINANCIAL, INC., VELUCHAMY 2009<br>DYNASTY TRUST, VASUDEVAKI NAIDU,<br>JAGANATH NAIDU, RAJIV<br>PARTHASARATHY, ARJUN<br>PARTHASARATHY,<br>PETHINAIDU VELUCHAMY, and<br>PARAMESWARI VELUCHAMY,<br><br>                Defendants. | Adversary Case No. 12-AP-01715 |

## CERTIFICATE OF SERVICE

Joshua M. Grenard, an attorney, hereby certifies that on Thursday, June 6, 2013, he caused to be served a true and correct copy of the foregoing **NOTICE OF MOTION** and the **ESTATE REPRESENTATIVE'S MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORTS OF R. PRADEEP AND STOUT RISIUS ROSS AND RESPONSE TO ANU VELUCHAMY'S MOTION TO AUTHORIZE EXPERT TO TESTIFY BY VIDEOCONFERENCE** upon each of those parties set forth in the attached Service List *via* this Court's CM/ECF system.

Dated: June 6, 2013
                                                    /s/Joshua M. Grenard.
                                                    Joshua M. Grenard, Esq.

## SERVICE LIST

Abraham Brustein, ESQ on behalf of Defendant Parameswari Veluchamy
abrustein@dimonteandlizak.com, phogan@dimontelaw.com

Abraham Brustein, ESQ on behalf of Defendant Pethinaidu Veluchamy
abrustein@dimonteandlizak.com, phogan@dimontelaw.com

William J Factor on behalf of Defendant Rajiv Parthasarathy
wfactor@wfactorlaw.com, wfactorlaw@gmail.com;nb@wfactorlaw.com

Joshua M Grenard on behalf of Plaintiff BANK OF AMERICA, N.A.
jgrenard@mayerbrown.com, courtnotification@mayerbrown.com

David Paul Holtkamp on behalf of Defendant Rajiv Parthasarathy
dholtkamp@wfactorlaw.com, nb@wfactorlaw.com

Thomas S Kiriakos on behalf of Plaintiff BANK OF AMERICA, N.A.
tkiriakos@mayerbrown.com, Courtnotification@mayerbrown.com

Vincent E. Lazar on behalf of Defendant Oakbrook Financial, Inc.
vlazar@jenner.com, lyap@jenner.com;mmatlock@jenner.com;docketing@jenner.com

Vincent E. Lazar on behalf of Defendant Anu Veluchamy
vlazar@jenner.com, lyap@jenner.com;mmatlock@jenner.com;docketing@jenner.com

Vincent E. Lazar on behalf of Defendant Sonia Veluchamy
vlazar@jenner.com, lyap@jenner.com;mmatlock@jenner.com;docketing@jenner.com

Sara E Lorber on behalf of Defendant Rajiv Parthasarathy
slorber@wfactorlaw.com, nb@wfactorlaw.com

Jeffrey K. Paulsen on behalf of Defendant Rajiv Parthasarathy
jpaulsen@wfactorlaw.com, nb@wfactorlaw.com;jpaulsenwfactorlawecf@gmail.com

Derek D Samz on behalf of Defendant Parameswari Veluchamy
dereksamz@gmail.com, nromando@dimontelaw.com

Derek D Samz on behalf of Defendant Pethinaidu Veluchamy
dereksamz@gmail.com, nromando@dimontelaw.com

Sally K. Sears Coder on behalf of Defendant Oakbrook Financial, Inc.
ssearscoder@jenner.com, docketing@jenner.com;pjacobs@jenner.com

Sally K. Sears Coder on behalf of Defendant Anu Veluchamy

ssearscoder@jenner.com, docketing@jenner.com;pjacobs@jenner.com

Sally K. Sears Coder on behalf of Defendant Sonia Veluchamy
ssearscoder@jenner.com, docketing@jenner.com;pjacobs@jenner.com

Julia Jensen Smolka on behalf of Defendant Parameswari Veluchamy
jjensen@dimonteandlizak.com

Julia Jensen Smolka on behalf of Defendant Pethinaidu Veluchamy
jjensen@dimonteandlizak.com

Rue K Toland on behalf of Plaintiff BANK OF AMERICA, N.A.
rtoland@mayerbrown.com

Ariel Weissberg on behalf of Respondent Veluchamy Family Foundation
ariel@weissberglaw.com,
Hava@weissberglaw.com;mike@weissberglaw.com;victor@weissberglaw.com;john@weissberglaw.com

Daniel A Zazove on behalf of Defendant Arun Veluchamy
docketchi@perkinscoie.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>PETHINAIDU VELUCHAMY and<br>PARAMESWARI VELUCHAMY,<br><br>                       Debtors. | Bankruptcy Case No. 11-33413<br>Chapter 7<br><br>Hon. Eugene R. Wedoff |
| BANK OF AMERICA, N.A., not<br>individually but derivatively on behalf of<br>THE ESTATE OF PETHINAIDU and<br>PARAMESWARI VELUCHAMY,<br><br>                       Plaintiff,<br>V.<br><br>ARUN VELUCHAMY, ANU VELUCHAMY,<br>SONIA VELUCHAMY, OAKBROOK<br>FINANCIAL, INC., VELUCHAMY 2009<br>DYNASTY TRUST, VASUDEVAKI NAIDU,<br>JAGANATH NAIDU, RAJIV<br>PARTHASARATHY, ARJUN<br>PARTHASARATHY,<br>PETHINAIDU VELUCHAMY, and<br>PARAMESWARI VELUCHAMY,<br><br>                       Defendants. | Adversary Case No. 12-AP-01715 |

**ESTATE REPRESENTATIVE'S MOTION TO EXCLUDE EXPERT
TESTIMONY AND REPORTS OF R. PRADEEP AND STOUT RISIUS ROSS
AND RESPONSE TO ANU VELUCHAMY'S MOTION TO AUTHORIZE
EXPERT TO TESTIFY BY VIDEOCONFERENCE**

Bank of America, N.A., not individually but derivatively on behalf of the Estate of Pethinaidu and Parameswari Veluchamy (in such capacity, the "Estate Representative"), respectfully asks the Court: (1) to exclude the expert report and testimony of R. Pradeep ("Pradeep"); (2) to exclude the expert report and testimony of Stout Risius Ross ("Ross"); and (3) to deny Defendant Anu Veluchamy's ("Anu") motion to authorize Pradeep to testify by videoconference or to set an additional trial date for Pradeep's testimony. The grounds for this

1

motion and response, set forth more fully below, are: (1) that exclusion is a mandatory sanction under Fed. R. Civ. P. 37(c)(1) for Anu's disclosure on the eve of trial of Pradeep, Ross, and (if they are disclosed) their accompanying reports, which has greatly prejudiced the Estate Representative; and (2) that both of the options Anu proposes in the alternative to live cross-examination of Pradeep at trial are wholly inadequate.

## BACKGROUND

1.  On May 15, 2013, the deadline for disclosure of expert witnesses and opinions, the Estate Representative identified its expert witnesses and delivered their reports, including the report of a valuation expert.

2.  Defendants objected to the Estate Representative's disclosure of its valuation expert, complaining that it would be difficult for them to retain a "rebuttal" expert. This Court rejected Defendants' argument, stating that the Estate Representative's expert disclosure was timely, and that Defendants' failure to retain their own valuation expert in a timely fashion was a problem of their own making. *See* Ex. C at 32:9-15, 34:16-21 (5/15/13 Transcript) (ruling that it "expect[ed]" expert reports "to be submitted" by that day and explaining to Anu's counsel that he had "every reason to get [his] own expert" prior to that time).

3.  On the afternoon of June 4, 2013—almost three weeks after the Estate Representative disclosed its valuation expert's opinions and less than six days before trial was set to begin in this case—counsel for Anu announced for the first time that he "believe[d]" he had secured an expert witness "from ITCPT Consultancy and Services, Ltd." "for the value of the Chennai property." Ex. A (6/4/13 Lazar-Roin Email).

4.  Although Anu disclosed the name of the firm that would provide the testimony on Tuesday, June 4, she did not disclose the identity of her Chennai-valuation expert until the next

2

day, June 5. And even then, Anu did not make (and still has not made) the required disclosure of her expert's opinions and the reasons and basis for those opinions.

5. The day after Anu filed her Motion to Authorize Expert—now less than four days before trial—Anu's counsel emailed the Estate Representative's counsel and stated that he "believe[d]" he had "secured" *yet another* expert witness, Stout Rsisius Ross, "for the value of the Vmark shares and certain other US assets" that are the subject of this fraudulent transfer case. Ex. B (6/6/13 Lazar-Roin Email). Significantly, Anu did not provide any expert report delineating her expert's opinions and the basis for those opinions.

6. Anu's counsel represented in both emails to the Estate Representative's counsel that he "anticipate[d]" he would "be in a position to deliver a rebuttal valuation report . . . within 48 hours." Ex. A (6/4/13 Lazar-Roin Email); Ex. B (6/6/13 Lazar-Roin Email). For Pradeep, this should have meant that his report was disclosed by the afternoon of June 6—it was not. And for Ross, it means that this report may not be disclosed until the afternoon of Saturday, June 8—a day and a half before trial.

7. As we explain more fully below, this eleventh hour disclosure of two expert witnesses—with no real opportunity for the Estate Representative to fully investigate their opinions, let alone take their depositions—is not only a clear violation of this Court's scheduling order (for these two witnesses clearly do not qualify as rebuttal experts), but also patently unfair and prejudicial to the Estate Representative. Accordingly, these two experts should be excluded.

8. In addition to their belated and unfair disclosure of their experts, Anu filed a Motion to Authorize Expert to Testify by Videoconference or Set Additional Trial Date for Expert's Testimony ("Motion to Authorize Expert," Dkt. 230 (12-AP-01715)). In that motion, Anu explained (at ¶ 1) that Mr. R. Pradeep of ITCOT Consulting and Services Limited, who she

3

retained to offer testimony on the value of property in Chennai, India that is the subject of the fraudulent transfer claim against Anu and her brother Arun in Count XII of the Estate Representative's Amended Complaint, likely will be unable to obtain a last-minute visa to attend the trial. Anu's motion requests that he be permitted to testify at trial via videoconference or, in the alternative, that the Court set an additional trial date for him to testify. This motion should be denied as well.

## ARGUMENT

### I. Pradeep's and Ross's Testimony and Reports Should Be Excluded, and Anu's Motion Should Be Denied as Moot.

9.  Exclusion is a mandatory sanction for Anu's untimely disclosure of Pradeep, Ross, and (if they are disclosed) their accompanying reports. "The Federal Rules of Civil Procedure require parties to file reports of expert witnesses they intend to use at trial." *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000) (citing Fed. R. Civ. P. 26(a)(2)). "If a party does not timely file his reports, . . . '[t]he sanction of exclusion is 'automatic and mandatory'" under Fed. R. Civ. P. 37(c)(1) "'unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.* at 785-86 (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996)).

10.  Here, there is no question that Anu's disclosure was untimely. This Court's trial order directed parties to notice discovery "so as to be completed on or before May 15, 2013." Dkt. 71 (12-AP-01715). At a May 15 status conference, this Court made clear that it "expect[ed]" expert reports "to be submitted" by that day, and that they could not "be submitted later" "without violating . . . the discovery order." Ex. C at 32:9-15 (5/15/13 Transcript). This makes Anu's disclosure of her experts and (potential) disclosure of their reports over three weeks late.

4

11. Nor can Anu's violation even remotely be said to be "justified or harmless." *NutraSweet*, 227 F.3d at 785-86 (quoting *Finley*, 75 F.3d at 1230). This Court specifically told Anu's counsel at the May 15 hearing that that there was no excuse for delay in obtaining a valuation expert: "Mr. Lazar, if valuation was known to be an issue in the case . . . then you had every reason to get your own expert without regard to whether or not there was a hired expert by the bank." Ex. C at 34:16-21 (5/15/13 Transcript).[1]

12. The prejudice to the Estate Representative through Anu's actions is clear. The advisory committee's note to Rule 26(a)(2) explains that the intent of the expert disclosure rule is to give opposing parties "reasonable opportunity to prepare for effective cross-examination." Fed. R. Civ. P. 26(a)(2) advisory committee's note; *see also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) ("The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case."). In addition to being three weeks late, Anu's disclosure of her experts just days before trial—and her continuing failure to disclose their reports—leaves the Estate Representative with no opportunity to take their depositions. It also severely handicaps the Estate Representative's ability to analyze Pradeep's and Ross's reports (if any) and to prepare to cross-examine them at trial. And, by withholding their expert reports until after the Estate Representative disclosed its expert opinions and submitted its expert for a deposition, Anu unfairly impeded the Estate Representative's opportunity to respond to her experts' opinions.

---

[1] Anu's disclosures are especially unjustified in light of her May 23 Motion to Exclude or Limit the Valuation Testimony of the Estate Representative's expert G. William Kennedy on the ground that the Estate Representative failed to timely disclose Kennedy as an expert, Ex. B—a motion this Court denied on May 28, Dkt. 161 (12-AP-01715). Unlike Anu, the Estate Representative timely disclosed all of its experts prior to the close of discovery.

13. Anu's late disclosure was thus a straightforward violation of Rule 26(a)(2) and is neither justified nor harmless; as such, "the sanction of exclusion is 'automatic and mandatory'" under Rule 37(c)(1). *See NutraSweet*, 227 F.3d at 785-86.

14. Anu apparently will take the position that Pradeep's and Ross's disclosures and reports are timely-filed rebuttal evidence. They are not. Rebuttal evidence is evidence used "to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008). The evidence that Pradeep and Ross will offer, by contrast, is evidence supporting an obvious defense.

15. Indeed, Anu knew, and certainly should have known, all along that valuation was an issue in this case for the Chennai property, VMark, and the Veluchamys' US and Indian assets. The Estate Representative's Amended Complaint expressly alleged that it was seeking— as an alternative remedy to obtaining the asset itself under 11 U.S.C. § 550(a)—"the value" of the assets at issue in all of the Counts for which Anu's purported experts may testify: Count III (VMark), Count IV (Bear Stearns), Count VII (Real Property in Illinois), Count VIII (Interests in US Companies), Count XI (Avadamma), and Count XII (Chennai). Dkt. 21 at ¶¶ 111, 113, 122, 124, 130, and 132 (12-AP-01715). All that Anu had to do to realize that value was an issue was read the Amended Complaint.

16. Moreover, three of the affirmative defenses Anu pled in her Answer—on which she has the burden of proof—allege that "Anu gave value" for the transfers at issue. Pl. Ex. 200 at 43 (Anu Answer). And courts routinely refuse to classify expert testimony as rebuttal evidence when it goes to an issue on which the party offering the witness has the burden of proof. *See e.g.*, *Peals*, 535 F.3d at 630 ("Testimony offered only as additional support to an

6

argument made in a case in chief, if not offered to contradict, impeach or defuse the impact of the evidence offered by an adverse party, is improper on rebuttal.").

17. Finally, with respect to the Chennai property in particular, Anu has known for *two years* that the Estate Representative was valuing that property: an affidavit the Estate Representative submitted on June 1, 2011 indicates a market value of the property at between $6 and $8 million. *See* Ex. D, Anu Ex. 5, at 5 (6/1/11 Affidavit of S. Narayan). Not only that, but Arun mortgaged part of the Chennai property in 2011. Pl. Ex. 234 (Arun Chennai Deed of Mortgage Doc. 2233/2012); Pl. Ex. 235 (Arun Chennai Memorandum re Mortgage Doc. 67/2012). When property is encumbered, the remedy of recovering "the property transferred" under 11 U.S.C. § 550(a) plainly is inadequate. Anu had every reason to know that the Estate Representative would instead be seeking the alternative statutory remedy of "the value of such property," *id.*, at the time of the transfer—the alternative alleged in the Amended Complaint (Dkt. 21 at ¶ 132 (Count XII) (12-AP-01715)).

18. In light of the extensive notice Anu had that valuation was at issue and the fact that it is part of three of her affirmative defenses, Pradeep's and Ross's testimony plainly is not "rebuttal" evidence as Anu characterizes it (at ¶ 1). Rather, it is evidence for which, in this Court's words, Anu "had every reason to get [her] own expert without regard to whether or not there was an expert hired by the bank." Ex. C at 34:16-21 (5/15/13 Transcript).

19. Additionally, Pradeep's testimony in particular should be excluded for another reason: it (according to Anu's counsel's representations) is premised on an interpretation of Indian law that this Court has already determined cannot be the subject of expert testimony in this case. Indeed, at the May 15 hearing, this Court explained that rather than admit testimony from an expert the Estate Representative had obtained "regarding the effect of the property law

7

of India on the question of title to the property," "the best way to deal with this would be to use circumstantial evidence rather than direct legal argument." Ex. C at 36:14-37:10 (5/15/13 Transcript). The Court further explained, "I think opening up the question of the interpretation of the law of India is not something that would be wise to do in connection with this trial." *Id.* at 37:17-20. Yet, according to Anu's counsel's representations to the Estate Representative's counsel in a telephone conversation, the premise of Pradeep's valuation testimony is his opinion that Arun and Anu hold only leasehold interests in the Chennai property—even though the deeds say that Arun and Anu are "absolute owner[s]" of the property (Pl. Ex. 101 at 5 and Pl. Ex. 102 at 5 (Deeds of settlement 12-30-10))—and that the value must be adjusted accordingly.[2] In other words, Pradeep seeks to opine on the very issue—"the effect of the property law of India on the question of title to the property"—that this Court (1) said should be determined by "circumstantial evidence," and (2) ruled that the Estate Representative could not present an expert to address. *Id.* at 36:14-37:10. To allow Anu to present expert testimony on the same subject would not only violate this Court's prior ruling, but would be manifestly unfair to the Estate Representative.

20. Accordingly, both Pradeep's and Ross's reports (if any) and testimony should be excluded from this case, and Anu's Motion to Authorize Expert consequentially should be denied as moot.

---

[2] By contrast, the Estate Representative's valuation expert G. William Kennedy offers no opinion on Indian law or the question of Arun's and Anu's title to the property. *See* Pl. Ex. 386 (Kennedy Report).

8

**II.    Even if Pradeep's Report and Testimony Are Not Excluded, Anu's Motion Should Be Denied.**

21.    Even if Anu had a legitimate basis for her late disclosure of Pradeep's testimony (and she does not), her Motion to Authorize Expert still should be denied because both of the options she proposes in the alternative to live cross-examination at trial are wholly inadequate.

22.    Anu's first proposed alternative is to allow Pradeep to testify via videoconference. Under Federal Rule of Civil Procedure 43(a), a witness may testify "by contemporaneous transmission from a different location" only upon a showing of "good cause in compelling circumstances and with appropriate safeguards." Here, Anu cannot possibly satisfy a good cause or compelling circumstances standard in light of the fact that she has known for years that value of the Chennai property was an issue in this litigation, *see ¶¶* 12, 14, *supra*, and yet waited until days before trial to disclose Pradeep as her expert. *See, e.g.*, *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005) (district court did not abuse its discretion in denying motion to allow videoconference where party "waited until one month before trial to file its motion"); Fed. R. Civ. P. 43, advisory committee note ("A party who could reasonably foresee the circumstance offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.").

23.    Moreover, it is well-established that "videoconference proceedings have their shortcomings," and "'[v]irtual reality is rarely a substitute for actual presence.'" *Thorton v. Synder*, 428 F.3d 690, 697 (7th Cir. 2005) (quoting *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001)); *see also* Fed. R. Civ. P. 43(a), advisory committee note ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."). Depriving the

9

Estate Representative of the opportunity to perform a live cross-examination of Pradeep would be especially prejudicial in this case because of Estate Representative's lack of opportunity to take Pradeep's live deposition (or any deposition for that matter).

24. The sole case on which Anu relies (at ¶ 10) to support her "good cause" argument, *El Hadad v. United Arab Emirates*, 496 F.3d 658, 668-69 (D.C. Cir. 2007), is clearly distinguishable. In *El Hadad*, the Court permitted video testimony after the plaintiff "prove[d] he had pursued and repeatedly been denied a visa" and showed "careful preparations for translation and teleconferencing." *Id.* at 669. Here, there has been no time for Pradeep "repeatedly" to pursue a visa or for "careful preparations" for teleconferencing *precisely because* of Anu's delay in finding and disclosing her expert.

25. Anu's second alternative is even more objectionable. She asks this Court (at ¶ 12) to "*set an additional trial date*" for Pradeep's testimony, somewhat incredibly claiming that this would have "no negative impact on the remainder of the trial." To the contrary, setting an additional trial date would be unduly prejudicial to the Estate Representative given that Anu could use all of the time between the two trial dates to prepare Pradeep to respond to events at trial.

26. For this reason as well, Anu's motion should be denied.

WHEREFORE, the Estate Representative respectfully asks the Court to enter an order: (1) excluding the expert report and testimony of R. Pradeep; (2) excluding the expert report and testimony of Stout Risius Ross; and (3) denying Defendant Anu Veluchamy's motion to authorize R. Padeep to testify by videoconference or to set an additional trial date for expert's testimony.

| | |
|---|---|
| Dated: June 6, 2013 | Respectfully submitted, |
| | BANK OF AMERICA, N.A., *not individually but derivatively on behalf of the Estate of Pethinaidu and Parameswari Veluchamy* |
| Howard J. Roin | By: /s/Thomas S. Kiriakos_____ |
| Thomas S. Kiriakos | One of its Attorneys |
| James C. Schroeder | |
| Beverley J. Klein | |
| MAYER BROWN LLP | |
| 71 South Wacker Drive | |
| Chicago, Illinois 60606-4637 | |
| Telephone: (312) 782-0600 | |
| Facsimile: (312) 701-7711 | |

*Counsel for Plaintiff*

11